# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

Eddie Willis,

    Plaintiff

vs.

Danville Area Community College Instructor Robert Scott and Administrator Nicolette Elam, ex officio are sued in their individual and official capacities.

    Defendant(s)

Case No. 14-CV-2135
*(The case number will be assigned by the clerk)*

**JURY TRIAL DEMANDED**

FILED
JUN - 5 2014
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☐ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☒ Other federal law: 28 USCA §§ 1331 and 1361. / Americans with Disabilities Act. / Sexual discrimination

☐ Unknown _____

## I. FEDERAL JURISDICTION

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Eddie Willis

Prison Identification Number: R17208

Current address: 3820 East Main Street, Danville, Il, 61834

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Robert Scott, (ex officio)

Current Job Title: Instructor of Horticulture at D.A.C.C.

Current Work Address: Danville Area Community College / D.A.C.C. Personnel Office, 2000.E. Main St. Vermilion Hall, Danville, Il

Defendant #2:

Full Name: Nicolette Elam, (ex officio)

Current Job Title: Administrator for Danville Area Community College

Current Work Address: Danville Area Community College, Personnel Office, 2000.E. Main.St., Vermilion Hall, Danville, Il

Defendant #3:

Full Name: 

Current Job Title: 

2

Current Work Address _____

_____

Defendant #4:

    Full Name: _____

    Current Job Title: _____

    Current Work Address _____

_____

Defendant #5:

    Full Name: _____

    Current Job Title: _____

    Current Work Address _____

_____

*For additional defendants, provide the information in the same format as above on a separate page.*

### III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?    Yes ☐     No ■

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ■     No ☐

C. If your answer to B is yes, how many? three  Describe the lawsuit(s) below.

3

1. Name of Case, Court and Docket Number
   Willis v. Ramsey, Northern Dis, Eastern Div 03C571

2. Basic claim made Excessive Force/Denial of Medical treatment

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) Settled out of court in plaintiff's favor.

*For additional cases, provide the above information in the same format on a separate page.*

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?  Yes ■   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ■   No ☐

If your answer is no, explain why not _____

C. Is the grievance process completed?   Yes ■   No ☐

### V. STATEMENT OF CLAIM

Place(s) of the occurrence Danville Correctional Center vis a vis the Danville Area Community Colleges Horticulture Classroom and garden Area.

4

## III. Litigation History

(Continued)

Northern Dis. Eastern Div. of Il.
1). Willis v. Starks; Chicago Police Dept. et al., 08CV2337
2). excessive force/ denial of medical treatment
3). The case was settled out of court for a monetary sum, in plaintiff's favor.


1). Willis v. Talbot, 13-cv-02193, Central Dis. of Il.
2). Denial of medical treatment
3). The case was dismissed for failure to state a claim.

page 4 (a)

Date(s) of the occurrence  Jan. of 2013, Feb., March, April, May, and June of 2013.

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. *Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

1). In December of 2012 the plaintiff was called to the college office (Danville Area Community), and spoke to Nicholette Elam who enrolled him into the horticulture class. Beginning January 2013 the plaintiff began the class and was subjected to bullying and harassment so verbally abusive as to create an intimidating and offensive learning environment. The bullying and sexual harassment of the disabled two limb loss amputee was almost always sexual in nature and in close proximity of class instructor Robert Scott, Defendant.

2). When the bullying and harassment of the plaintiff became so intense and commonplace as to cause a disruption in the class the instructor Robert Scott chose to remove him from his class by fallaciously claiming he had gotten three write-ups without telling him what they were for, nor could he produce them upon request.

3). The main inmates who constantly harassed him about his sexuality and disability were Josh Cole, Terrance Hanson, Winston Douglas, and Corey D. Stoner never received any write-ups for sexually harassing and bullying the plaintiff in regard to his disability right in front of instructor Robert Scott.

4). The plaintiff notified Nicholette Elam (Administrator) by hand delivering a copy of his grievances; June of 2013. (The plaintiff also mailed a copy to their D.A.C.C. Personnel Office.

5). Attending to plaintiff's grievance the Assistant Warden of

5

Programs had the internal affairs of within the Danville Correctional Center investigate the claims he alleged throughout the following: "**This** reporting inmate was unlawfully expelled from the horticulture class on 5-27-13 at Danville Area Community College for reasons that were prohibited by state and Federal law as well as the official bulletin of D.A.C.C. I carried one of the best grade point averages in the class and performed more hands on work in the class garden than any of the current students.

6). The horticulture instructor allowed and **con**doned four other students. (Hanson, Cole, Douglas, and Stoner) to redicule my disability of having ten amputations with impunity, as well as challenge my hederosexuality.

7). On my last full day of class, student Cole gyrated a turnip that was in the shape of an erect phallus towards my rectum while standing next to a jeering instructor Scott.

8). Another example of instructor Scott's acquiescence in allowing those four students to run a muck berating me happened when student Cole clasped his two hands together while folding his ten fingers in, (simulating my amputation of all ten fingers) and gesticulated them up and down, while saying "Is this how your no finger having ass, gives hand jobs!" Once again, in full view of a smirking instructor Scott.

9). "I'm too ashamed and embaressed to write what else was done to me in the horticulture class!" These four students acted under the supervision and instruction of Mr. Scott, that works for D.A.C.C. and therefore qualify

D.A.C.C.                        6(A)
DANVILLE AREA COMMUNITY COLLEGE

under... Federal Rules of Civil Procedure as agents under the control of the Danville Area Community College.

10). As I mentioned previously, my GPA was in the upper teir. In the past; four other students were removed for cheating, failing tests, and poor attendance. None had my academic criterion. I allege sexual harassment and non-compliance of the Americans with Disabilities Act, both violations of federal and state law.

11). The impetus of my removal was thus, that the constant rediculing of my person caused a class disruption, and it was easier to remove me than the four other students, (Hanson, Cole, Douglas, and Stoner) who would not stop harassing me; nor would the instructor, instruct them not to do so because he was biased against my handicap and predilections.

12). When I was expelled from the horticulture class, was the first time I was informed I had been written up three times, and even then I wasn't told for what reasons!

13). The official bulletin of Danville Area Community College is defined as... An Equal Opportunity/Affirmative Action Institution... Discrimination based on race, color, sex... physical disability... sexual orientation, or on any basis of discrimination precluded by the applicable federal and state statutes is strictly prohibited.

14). Approximately three weeks after submitting the preceeding I augmented it to include the following: I allege that staff of Danville Area Community College violated and continue to violate, the confidentiality policy of I.D.U.C. by disclosing and making fun of my

6 (B)

personal information!

15). This grievance is in tandem with one previously filed 6/2/13 whereas I alleged sexual harassment and non-compliance with the Americans with Disabilities Act.

16). Why is the D.A.C.C. staff spreading rumors about me to other inmates that was only contained within a grievance I submitted? "Inmates are saying that I got molested in the horticulture class." (The staff I infer are Elam and Scott)

17). They also are saying that I'm writing kites on inmates for sexually harassing me! Some of the things that have been said are too inappropriate to include.

18). The four inmates on a regular basis told the plaintiff to suck their dicks and called him faggot, in front of the instructor Scott, who thought it was facetious.

19). The degradation of L.G.B.T.Q. prisoners is intermable, in I.D.O.C. and specifically in the horticulture class that the plaintiff was unfairly removed from in retaliation.

20). District Court has subject matter jurisdiction in action against Danville Area Community College's satellite prison campus by student who was sexually harassed and rediculed for being disabled, and in particular during mandatory class participation was removed from class for no other apparent reason. (See plaintiff affidavits from fellow students attached as exhibit A). The Assistant Warden of Programs Victor Calloway who had internal affairs investigate his claims asked the plaintiff if he wanted to transfer to another prison that had Horticulture.

**RELIEF REQUESTED**

(State what relief you want from the court.)

7

Defendants Nicholette Elam, Robert Scott, (ex officio) failed to comply with nor did they enforce D.A.C.C. rules and regulation prohibiting such treatment and failure after plaintiff reported the events to enforce them violated plaintiff's liberty, due process, and equal protection rights under the Fifth and Fourteenth Amendments to U.S. Constitution, his property interest i.e. diploma or certificate, in his contractual relationship with the College; negligence; intentional and negligent infliction of emotional distress; outrageous conduct; tortious interference with contract, and civil conspiracy. Plaintiff seeks equitable restitution against defendants also, under theory of unjust enrichment after receiving state funds to educate him and declatory relief. →

**JURY DEMAND**    Yes ■    No ☐    (See Attached Exhibits)

Signed this _1st_ day of _June_, 20_14_.

_Eddie Willis_
(Signature of Plaintiff)

| Name of Plaintiff: Eddie Willis | Inmate Identification Number: R17208 |
|---|---|
| Address: 3820 East Main Street Danville, Ill, 61834 Danville Correctional Center | Telephone Number: (217) 446-0441 Danville Correctional Center |

8